**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| RONALD A. AUSBERRY, :  | **Hon. Renée Marie Bumb** |
| Petitioner, :  | Civil No. 08-4136 (RMB) |
| v. :  |  |
| J. GRONDOLSKY, :  | **OPINION** |
| Respondent. :  |  |

**APPEARANCES:**

    RONALD A. AUSBERRY, #38500-083
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**BUMB**, District Judge

    Ronald A. Ausberry filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of 40 days of good conduct time forfeited as a disciplinary sanction for committing the prohibited act of Possessing a Hazardous Tool (code 108).  Copies of the Disciplinary Hearing Officer's Report, the decision of the Bureau of Prisons' ("BOP") Regional Office and the final administrative decision issued by the BOP's Central Office are attached to the Petition.  For the reasons expressed below, the Court will dismiss the Petition with prejudice.

## I.  BACKGROUND

Petitioner challenges the loss of 40 days of earned good conduct time imposed by the BOP as a disciplinary sanction for committing the prohibited act of Possessing a Hazardous Tool (code 108).[1]  Petitioner argues: (1) the BOP violated the APA and Due Process Clause by increasing the severity of the sanctions for possession of an MP3 player without adequate notice, and (2) the BOP abused its discretion by finding him guilty of Possession of a Hazardous Tool because an MP3 player is not a hazardous tool.

On October 20, 2007, while Petitioner was confined at FCI Cumberland, staff member S. Baldwin issued an Incident Report charging Petitioner with Possession of a Hazardous Tool - an MP3 musical player - in violation of code 108, and Possession of Anything Not Authorized in violation of code 305.  The Incident Report describes the incident as follows:

---

[1] To the extent that Petitioner challenges the sanctions placing him in disciplinary segregation for 60 days, 120 days loss of visitation and commissary privileges, and the recommendation for a disciplinary transfer, these claims are not cognizable under 28 U.S.C. § 2241 because they do not affect the fact or duration of Petitioner's confinement.  See Ganim v. Fed. Bureau of Prisons, 235 Fed. Appx. 882 (3d Cir. 2007); Bronson v. Demming, 56 Fed. Appx. 551 (3d Cir. 2002); Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 242 n.5 (3d Cir. 2005).

Alternatively, while the Due Process Clause protects against the revocation of good conduct time, it does not protect against the imposition of the other sanctions.  See Sandin v. Conner, 515 U.S. 472 (1995); Torres v. Fauver, 292 F. 3d 141, 150-51 (3d Cir. 2002).

> While conducting a cell search of G02-152L, I found an MP3 player and accessories in the locker utilized by inmate Ausberry. This was discovered to be inmate Ausberry's locker by finding several items with his initials on it including a tupperware lid with his name spelled out on the lid.

(DHO Report dated Nov. 28, 2007, p. 2.)

The DHO conducted the hearing on October 30, 2007. The witnesses were Petitioner and inmate Terrance Orlando Davis. The DHO issued a report on November 28, 2007. Relying on the Incident Report, Petitioner's statement and the testimony of inmate Davis, the DHO found Petitioner guilty of the prohibited Act Possession of a Hazardous Tool, and imposed the following sanctions: 40 days loss of good conduct time, 60 days disciplinary segregation (with 30 days suspended pending 180 days clear conduct), 120 days loss of visitation and commissary privileges, and a disciplinary transfer. (DHO Report dated Nov. 28, 2007.) The DHO Report explains the findings:

> The DHO considered Ausberry's denial of responsibility for the MP3 player. However, Ausberry admitted using the locker where this device was found along with containers bearing Ausberry's name or initials. Another music device was also found in Ausberry's living area which Rodriguez admitted possessing. The DHO would suspect if the second MP3 player also belonged to Rodriguez it would be reasonable for him to also admit his responsibility for this one. However, Rodriguez claimed responsibility for an iPod but he does not claim responsibility for the Creative MP3 player. Ausberry admitted using the locker where the MP3 player was found it is reasonable to conclude he would hide

>contraband electronic devices in such a location so he could deny any responsibility for committing a prohibited act.  Therefore, the DHO does not give much weight to Ausberry's denial of responsibility for the Creative MP3 player.
>
>The DHO gives greater weight to the fact the electronic device was found in a locker used by Ausberry to find he committed the prohibited act of the possession, manufacture, or introduction of a hazardous tool.  Inmates are responsible for maintaining their living areas free of contraband and are routinely found to have committed a prohibited act when contraband is discovered in their living area.  Therefore, as Ausberry admitted using the locker where the MP3 player was found, and no one else has admitted responsibility for this player, the DHO finds, based on the greater weight of the evidence, Ausberry committed the prohibited act of the possession, manufacture, or introduction of a hazardous tool.
>
>The DHO considers an MP3 player to be hazardous tool based on the ability to receive information recorded by others outside of the prison that is unmonitored by staff.  These messages could be useful to arrange an escape, assaults or other disruptive behavior within a BOP facility.  By reason of the potential to disrupt the security and orderly running of the institution, the DHO categorizes MP3 players as being the equivalent of a hazardous tool, and properly categorizes this offense at a 100 series level offense, the greatest severity level.
>
>The DHO does not find sufficient evidence to find that Ausberry committed the separate and distinct act of the possession of anything not authorized.  Accordingly, the DHO orders this charge dismissed from the Incident Report.

(DHO Report dated Nov. 28, 2007, pp. 2-3.)

4

Petitioner appealed to the Regional Director, who denied the appeal on March 13, 2008, as follows:

> The DHO found you committed the prohibited act based upon the following.  On October 20, 2007, during a search of your cell, the reporting officer stated he found an MP3 Player and accessories in a locker determined being used by you at that time.  The DHO also considered a supporting staff memorandum indicating you admitted using the locker and a photograph of the contraband.  Throughout the disciplinary process you denied knowledge of the contraband.  You told the DHO that you shared the locker with your cell mate, but the MP3 Player was not yours . . . . [I]t is an inmate's responsibility to keep his or her area free of contraband.  You admitted using the locker and had access to what was found inside of the locker.  There was no evidence presented that the contraband belonged to someone else.  Inmates found in possession of electronic communication devices or related equipment may be charged with violating offense 108.  The possession and use of this type of contraband is hazardous to institution safety, security and good order.  We concur that an MP3 Play3er meets the definition of an electronic communication device and find the DHO reasonably determined you committed the offense.
>
> The record in this case reflects substantial compliance with Program Statement 5270.07, <u>Inmate Discipline</u>.  The decision of the DHO was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the prohibited act . . . Accordingly, your appeal is denied.

(Decision of D. Scott Dodrill, Regional Director, in Appeal No. 482558-R1, dated March 13, 2008.)

On May 7, 2008, Harrell Watts, Administrator, National Inmate Appeals, denied Petitioner's final administrative appeal as follows:

> The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report.  We find it reasonable for the DHO to have made this determination.  Records indicate you appeared before the DHO, were advised of your rights, and made a statement.  The DHO gave greater weight of the evidence to the reporting officer's account of the incident.  Although you dispute the charge, the evidence is sufficient to support the finding.
>
> You question how you can be held accountable for contraband found in an "unoccupied locker."  Review of the record reveals items of your personal property were found stored in the locker in which the MP3 player was found.  You acknowledged using the locker.  The DHO provided, in Section V of the DHO report, a comprehensive description of the specific evidence relied upon to support the determination that you committed the prohibited act.  We find the DHO rationally concluded the evidence supports this determination.
>
> Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed.  Each of your Due Process rights were upheld during the discipline process.  The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

(Response of Harrell Watts dated May 7, 2008.)

Petitioner signed the Petition before this Court on August 13, 2008.  The Clerk received it on August 18, 2008.  Petitioner

challenges the loss of good conduct time on two grounds:  (1) the BOP violated the APA and due process by increasing the sanction for possession of an MP3 player from Possession of Anything Not Authorized (code 305) to the higher code violation Possession, Manufacture, or Introduction of a Hazardous Tool (code 108) without adequate notice; and (2) the BOP abused its discretion by finding him guilty of Possession of a Hazardous Tool because an MP3 musical player does not constitute a hazardous tool under the disciplinary code.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall v. Fed. Bureau of Prisons, 432 F.3d at 242-44.

A.   Ground One

In Ground One, Petitioner asserts that the BOP violated the APA and due process by increasing the sanctions for possession of an MP3 player without providing notice.

First, the Petition provides no basis for the contention that the BOP increased the severity of the sanction for possession of an MP3 player. Petitioner alleges that in January 2007 he was charged with Possession of Anything Not Authorized (code 305) based on his possession of an XM satellite case with a XM remote control inside of the case and a pair of XM headphones. Because a case, a remote control and headphones are different from an MP3 player, Petitioner's prior disciplinary sanction does not indicate that the BOP increased the sanction for possession of an MP3 player.

Second, the BOP did not violate the APA because "BOP's internal agency guideline[s]" are not subject to the notice and comment requirements of the APA. Reno v. Koray, 515 U.S. 50, 61 (1995); see also Royal v. Tombone, 141 F. 3d 596, 600 (5th Cir. 1998) (rejecting prisoner's argument that BOP's change in policy

was invalid because it was not promulgated in accordance with the APA, as agency guidelines are "promulgated internally and may be altered at will by the BOP"); Koray v. Sizer, 21 F. 3d 558, 562 (3d Cir. 1994) (internal agency guidelines may be altered by the BOP at will and are not subject to the notice and comment requirements of the APA), rev'd on other grounds sub nom Reno v. Koray, 515 U.S. 50 (1995).

Third, Petitioner received the notice required by due process. Federal inmates possess a liberty interest in good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F. 2d 1396, 1399 (3d Cir. 1991). Due process requires: (1) 24 hours advance written notice of the disciplinary charges; (2) a hearing with the right to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action. See Wolff, 418 U.S. at 564-566.[2] Because Petitioner received the Incident Report charging him with violation of code 108 on October 21, 2007, and the DHO hearing

---

[2] In addition to the requirements of Wolff, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).

9

was not conducted until October 30, 2007, Petitioner received the notice required by due process. Based on the foregoing, Petitioner is not entitled to habeas relief on Ground One.

B.  Ground Two

In Ground Two, Petitioner asserts that the BOP abused its discretion by finding him guilty of Possession of a Hazardous Tool because an MP3 player does not constitute a hazardous tool.

BOP regulations authorize the BOP to impose sanctions when an inmate "is found to have committed a prohibited act." 28 C.F.R. § 541.13(a). Prohibited acts under BOP regulations include code 108, defined as follows: "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13, Table 3.

Petitioner challenges the BOP's determination that an MP3 player is a hazardous tool. The DHO explained that the BOP "considers an MP3 player to be hazardous tool based on the ability to receive information recorded by others outside of the prison that is unmonitored by staff. These messages could be useful to arrange an escape, assaults or other disruptive behavior within a BOP facility. By reason of the potential to disrupt the security and orderly running of the institution, the

10

DHO categorizes MP3 players as being the equivalent of a hazardous tool."  (DHO Report dated Nov. 28, 2007.)  The BOP's interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation." Chong v. Dist. Dir., I.N.S., 264 F. 3d 378, 389 (3d Cir. 2001).

The BOP's definition of hazardous tool to include an MP3 player is not plainly erroneous or inconsistent with BOP regulations.  See Robinson v. Warden, FCI Fort Dix, 250 Fed. Appx. 462, 464 (3d Cir. 2007) (BOP's definition of hazardous tool in code 108 to include a cell phone based on its hazardous potential is not plainly erroneous or inconsistent with BOP regulations); Chong, 264 F. 3d at 389.  Under these circumstances, this Court rejects Petitioner's argument that the BOP abused its discretion in sanctioning him for a code 108 violation.  See Robinson, supra.

### III.   CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice.

                s/Renée Marie Bumb
                **RENÉE MARIE BUMB**
                United States District Judge

Dated: September 9, 2008